UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:17-CR-0017-B-23 |
| | § | |
| BRANDI SCOTT TURCOLA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Brandi Scott Turcola's Motion for Compassionate Release Pursuant to the First Step Act (Doc. 908). For the reasons set forth below, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

In October 2017, after Turcola pleaded guilty to possession of a controlled substance with intent to distribute, the Court sentenced her to 100 months of imprisonment and three years of supervised release. Doc. 572, J., 1–3.

Turcola, who is now thirty-eight years old, is serving her sentence at Carswell Federal Medical Center (FMC). Her scheduled release date is March 26, 2024.[1] As of November 10, 2020, Carswell

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/.

-1-

FMC has reported six active and 510 recovered COVID-19 cases among inmates.[2]

On October 27, 2020, Turcola filed a motion seeking compassionate release under 18 U.S.C. § 3582. *See* Doc. 908, Def.'s Mot., 1. The Court considers her motion below. Because she has not demonstrated extraordinary and compelling circumstances warranting release, and because the 18 U.S.C. § 3553(a) factors weigh against her release, Turcola's motion is **DENIED WITHOUT PREJUDICE**.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

As explained below, the Court denies Turcola's motion because, though she has exhausted her administrative remedies, Turcola has not shown extraordinary and compelling reasons for her

---

[2] The Court accessed this statistic from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/.

release, and the § 3553(a) factors weigh against her release.

A.  *Turcola Has Met the Exhaustion Requirement.*

The documents attached to Turcola's motion establish that she exhausted her administrative remedies. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

In support of her motion, Turcola submits: (1) a request from Turcola addressed to the warden of Carswell FMC dated July 26, 2020, asking for compassionate release due to COVID-19 concerns; (2) a memorandum from the warden addressed to Turcola dated July 27, 2020, denying Turcola's request for compassionate release; (3) an administrative remedy request form completed by Turcola dated August 8, 2020, requesting compassionate release due to the same concerns raised in her request to the warden; and (4) a rejection notice dated September 15, 2020, indicating Turcola's administrative remedy request was denied because she failed to prove she first attempted to resolve her request informally. Doc. 908, Def.'s Mot., 8–9, 16–17. Though she did not complete the administrative appeals process following the September 15, 2020 rejection notice, Turcola's July 26, 2020 request to the warden of her facility and the subsequent passage of thirty days satisfies § 3582(c)(1)(A).

---

[3] The Court has recently clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his or her compassionate-release request—irrespective of a denial. *See id.* at *5.

Because the warden's denial of Turcola's request is dated July 27, 2020, it is clear the warden received the request on or before July 27, 2020. *See* Doc. 908, Def.'s Mot., 9. Turcola filed her motion on October 27, 2020, well over thirty days after July 27, 2020. Thus, she has satisfied the exhaustion requirement under § 3582, irrespective of the warden's denial and irrespective of her failure to complete the administrative appeals process. *See Ezukanma*, 2020 WL 4569067, at *2–5; *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020) (noting that § 3582 provides "two routes a defendant's [compassionate release] motion can follow to be properly before the court"); *United States v. Rivas*, — F. App'x —, 2020 WL 6437288, at *2 (5th Cir. Nov. 2, 2020) (per curiam) (noting that a defendant can bring a motion in federal court for compassionate release "only if the defendant either exhausts his administrative remedies . . . *or waits thirty days from the day the warden of the defendant's facility received the request*" for compassionate release (emphasis added)).

Having determined that Turcola satisfied the exhaustion requirement, the Court turns to the merits of her compassionate-release motion.

B.  *Turcola Has Not Shown Extraordinary and Compelling Reasons for Release.*

Regardless of whether Turcola exhausted her administrative remedies, she has not shown "extraordinary and compelling reasons" justifying compassionate release. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. 1.[4] In addition,

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s

the defendant must not pose a danger to the community. *See* § 1B1.13(2).

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is not binding. *See, e.g., United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11); *see also Rivas*, 2020 WL 6437288, at *2 (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"). The Court does the same here and concludes that Turcola has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

In support of her request for compassionate release, Turcola explains that she "is obese with a body mass index . . . of . . . 35.8." Doc. 908, Def.'s Mot., 2. According to Turcola "[t]he risk associated with this condition has been exacerbated exponentially by [her] potential exposure to COVID-19 at the facility in which she is incarcerated." *Id.* And, though her motion does not mention it, Turcola's request to the warden and her administrative remedy request both indicate Turcola also seeks to be released to care for her mother and grandmother. *See id.* at 8, 16. But neither her obesity nor her desire to care for her relatives constitutes an extraordinary and compelling circumstance warranting release.

As a preliminary matter, the Court recognizes the unprecedented nature of COVID-19 and

---

determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. 1.

the outbreak of the virus at Carswell FMC. But the facility's statistics—510 recovered cases and five active cases of COVID-19—suggest the decline of a severe outbreak rather than a rise in COVID-19 cases. Further, generalized concerns about the spread of COVID-19 at Turcola's facility do not give rise to extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates at Carswell FMC. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020).

As for Turcola's individual circumstances, the Court first notes that her body mass index of 35.8 is handwritten in the margin of a printed medical record and purportedly signed by Turcola's treating nurse. Doc. 908, Def.'s Mot., 10. But even crediting the handwritten note, the Court finds that Turcola's obesity, without more, is not an extraordinary and compelling circumstance warranting release. There is nothing before the Court that indicates Turcola is not receiving proper care at Carswell FMC or that her obesity "substantially diminishes [her] ability . . . to provide self care" at Carswell FMC. U.S.S.G. § 1B1.13 cmt. 1.

Moreover, the Court does not agree with Turcola that "[d]istrict courts have routinely found circumstances such as [hers] to constitute 'extraordinary and compelling reasons[.]'" Doc. 908, Def.'s Mot., 5 (citing out-of-circuit cases). To the contrary, courts within the Fifth Circuit have noted that circumstances like Turcola's *are not* extraordinary and compelling. *See United States v. Wilfred*, 2020 WL 4365531, at *5 (E.D. La. July 30, 2020) (collecting cases holding obesity—alone or paired with hypertension—is not extraordinary and compelling); *United States v. Brumfield*, 2020 WL 4747710, at *5 (E.D. La. Aug. 17, 2020) ("Furthermore, even assuming that Brumfield is obese, which increases his risk of severe illness if he contracts COVID-19, this one risk factor alone fails to

establish that he is 'suffering from a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care with the environment of [his] correctional facility.'" (alterations in original, footnotes and citations omitted)).

Moreover, insofar as Turcola seeks compassionate release to help care for her mother and grandmother, the Court is not convinced that this is an extraordinary and compelling circumstance. The applicable sentencing guideline contemplates that family circumstances can be extraordinary and compelling in the event of the incapacitation of certain family members. U.S.S.G. § 1B1.13 cmt. 1. But Turcola does not argue that her mother and grandmother are ill or otherwise in need of care, much less that they are incapacitated. To the contrary, both Turcola's mother and grandmother wrote to the Court in support of Turcola's motion. Doc. 908, Def.'s Mot., 14–15.

Turcola's motion is denied because she has not demonstrated extraordinary and compelling reasons warranting release.

C.  *Consideration of the § 3553(a) Factors Suggests that Compassionate Release is Not Warranted.*

Before granting compassionate release under § 3582(c)(1)(A), the Court must consider the factors of § 3553. § 3582(c)(1)(A). Section 3553 requires the Court to consider whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense[.]" § 3553(a)(2)(A).

In Turcola's case, the Court found 100 months of imprisonment appropriate to serve these goals. *See* Doc. 572, J., 2. Given that Turcola has served only about forty-three months of her sentence, she has completed less than half of it. Under these circumstances, the Court is reluctant to conclude that the § 3553 factors support compassionate release.

Turcola argues that the § 3553 factors favor her release because she has two job offers to

choose from upon release, there is no reason to believe she will recidivate, and she "has engaged in significant efforts at rehabilitation." Doc. 908, Def.'s Mot., 6, 12–13. First, the Court notes that the prison records Turcola submits do not indicate she has participated in drug rehabilitation, though she was convicted of a drug offense. *See id.* at 11; § 3553(a)(2)(D) (requiring sentencing courts to consider the need for the sentence to provide the defendant with needed educational training and correctional treatment). But even crediting Turcola's assertions, the forty-three months Turcola has served thus far does not reflect the seriousness of her offense, promote respect for the law, or provide Turcola just punishment. Thus, at this time, the Court finds the § 3553 factors weigh against release.

## IV.

## CONCLUSION

Turcola's request for compassionate release under § 3582(c)(1)(A) fails because she has not demonstrated extraordinary and compelling reasons for compassionate release, and the § 3553 factors weigh against her release. For both of these reasons, the Court **DENIES** Turcola's motion (Doc. 908) **WITHOUT PREJUDICE**.

By denying Turcola's motion without prejudice, the Court permits Turcola to file a subsequent motion for compassionate release in the event she can provide information supporting a finding of extraordinary and compelling reasons for release. However, as noted above, before granting compassionate release under § 3582(c)(1)(A), the Court must also consider the factors of § 3553. § 3582(c)(1)(A).

SO ORDERED.

SIGNED: November 16, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE